EDSON TELES MACHADO & others[1] vs. SYSTEM4 LLC & another.[2] August 1, 2013. *Massachusetts Wage Act. Contract,* Arbitration. *Arbitration,* Waiver, Damages. *Public Policy. Federal Preemption. Practice, Civil,* Class action.

In *Machado* v. *System4 LLC,* 465 Mass. 508 (2013) (*Machado*), we applied our holding from *Feeney* v. *Dell Inc.,* 465 Mass. 470 (2013) (*Feeney II*), that, following the United States Supreme Court's decision in *AT&T Mobility LLC* v. *Concepcion,* 131 S. Ct. 1740 (2011), a court may properly invalidate a class waiver in an arbitration agreement if a plaintiff "can demonstrate that he or she effectively cannot pursue a claim against [a] defendant in individual arbitration according to the terms of the agreement." *Machado, supra* at 513, quoting *Feeney II, supra* at 472. In applying that holding to the facts of the case, we concluded that the plaintiffs could not make such a demonstration and accordingly reversed the decision of a judge in the Superior Court invalidating that class waiver on public policy grounds. *Machado, supra* at 516-517. Following the release of the Supreme Court's decision in *American Express Co.* v. *Italian Colors Restaurant,* 133 S. Ct. 2304 (2013) (*Amex*), which called into question the viability of our holding in *Feeney II,* we stayed the rescript in *Machado* and invited the parties to submit their views on the impact, if any, of *Amex* on our decision in *Machado.* The plaintiffs did not submit a timely response. The defendants submitted a response expressing their view that *Amex* had in fact abrogated our decision in *Feeney II* but did not directly affect our holding in *Machado* because we ultimately declined to invalidate the class waiver in that case. We agree with the defendants that *Amex* abrogates so much of our analysis in *Machado* as relies on our decision in *Feeney II.* See *Feeney* v. *Dell Inc., ante* 1001, 1003 (2013). Our analysis on the issue of the waiver of multiple damages, as well as our ultimate holding, remains sound. The case is hereby remanded to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*

The case was submitted on briefs.
*Eric H. Karp* for the defendant.